[No. 2609.    March 28, 1925]

## YATES v. WHITE.

### SYLLABUS BY THE COURT

1. There is an implied license by the government to all the people to graze their animals upon the public domain without compensation.

2. This license is subject to the police power of the state, by way of reasonable regulation of its enjoyment.

3. A contract to remove one's animals from an illegal enclosure upon the public domain, and to keep them out, is void as against public policy, in view of the federal statute prohibiting the unlawful fencing of the public domain.

Appeal from District Court, Chavez County; Bratton, Judge.

Action by I. G. Yates against O. D. White. From the judgment for defendant non obstante veredicto, plaintiff appeals. Affirmed and remanded, with directions.

Wright & Harris, of San Angelo, Tex., and R. D. Bowers, of Roswell, for appellant.

O. O. Askren, of East Las Vegas, for appellee.

### OPINION OF THE COURT

RYAN, District Judge. This was an action for damages for the breach of a contract, resulting in a gen-

eral verdict for appellant (plaintiff) for $1,000, which verdict was set aside, and a judgment for appellee (defendant), non obstante veredicto, was rendered. The contract was that the defendant, for a consideration of $20,000, would convey to the plaintiff his ranch and range, consisting of certain lands which he owned, certain leases which he held, and certain mineral filings. Upon some of the said lands were living waters and wells, which said waters were all the waters upon the ranch or range of defendant. The defendant further agreed to remove all of his cattle and horses from the said range, which he claimed he did, whereupon the $20,000 was paid to him. These private holdings of defendant were surrounded by the public domain of the United States, which range was controlled by the watering places above mentioned. Upon this ranch was a large amount of fencing, and, in at least one instance (the so-called 12-section pasture), there was a complete inclosure of the public domain by a fence. The plaintiff alleged, and submitted proof, that defendant had, .after removing his stock from said range, driven the stock back upon the same, or, in the alternative, had never removed the stock from the range, as he had pretended when he received the $20,000 consideration. The defendant answered, denying his failure to remove his stock, and denying that he drove the same back on the said range. He further pleaded the illegality of the contract under the provisions of the Act of Congress, February 25, 1885, 23 Stat. L. 321, 8 Fed. Stat. Ann. 816 (U. S. Comp. St. §§ 4997-5002), which prohibits inclosures of the public domain. The lower court held this contract to be illegal under this statute, and set aside the verdict and rendered judgment for defendant, as before seen. The jury found specially that 2 large pastures were partially fenced, and that one was completely inclosed by fence; all containing large areas of public domain. The contract pleaded by plaintiff was a contract to remove from these pastures all of defendant's animals within the same, and off the public domain controlled by the waters purchased from de-

fendant. The question then is, can a person make a valid contract to abstain from grazing his animals upon the public domain of the United States, which is illegally fenced by the other party to the contract?

[1] 1. In the first place, it may be said that there is an implied license on the part of the government to all of the people to graze their animals upon the public domain without compensation: Buford v. Houtz, 133 U. S. 320, 10 S. Ct. 305, 33 L. Ed. 618, 620.

[2] 2. This license is subject to the police power of the state by way of reasonable regulation of its enjoyment. Omaechevarria v. Idaho, 246 U. S. 343, 38 S. Ct. 323, 62 L. Ed. 763. We have such a regulation of the right in sections 4628-4630, Code 1915, which we have held to be a proper exercise of the police power. Hill v. Winkler, 21 N. M. 5, 151 P. 1014. The defendant, then, owning all of the waters on his range, had the right to the exclusive enjoyment of the license to graze these lands as against all others who did not develop other waters upon the same. When he sold these lands and waters to the plaintiff, the latter then had the same right. The defendant might well have contracted with the plaintiff to remove from said range his animals, and to keep them off the same until at least he had complied with our statutes as to watering places, but for the considerations now to be mentioned.

[3] 3. At this point, however, the federal act, supra, intervenes. That act was designed to remedy an evil which had grown up in the West of monopolizing the public domain by large raisers of livestock by means of fencing large tracts, and by means of intimidation, thus excluding the public generally from the privileges of the license and from settlement on the public domain. The act makes all such fencing and such intimidation illegal, and provides for injunction against the maintenance of such fences, and for punishment of offenders against the act. If the situation had been reversed; that is, if the plaintiff had agreed

with the defendant to take and pasture his cattle within the illegal inclosure, it is clear, upon authority, that the contract would have been illegal and unenforceable. Garst v. Love, 6 Okl. 46, 55 P. 19; Tandy v. Elmore-Cooper Livestock Com. Co., 113 Mo. App. 409, 87 S. W. 614; Lingle v. Snyder, 160 F. 627, 87 C. C. A. 529. The principle involved is that a contract which contemplates a violation of positive law is void as against public policy. No case has been cited or found by us just like the present one. Here, the contract was not to take and pasture cattle upon illegally inclosed public domain, but it was to take out, and keep out, of illegal inclosures of public domain, the animals of the defendant. The principle involved would seem to be the same in both cases. The plaintiff contracted with the defendant for the exclusive use of illegally inclosed public domain as against the defendant, and the defendant contracted with the plaintiff that the plaintiff should enjoy, so far as he was concerned, the illegal use of such public lands. The transaction cannot be separated from the maintenance of the illegal inclosures, and the contract must be held to be illegal.

A procedural question presents itself as to whether a motion for judgment non obstante veredicto was the proper remedy of the defendant, rather than a motion for new trial; but the court and the parties treated the motion as really the motion for an instructed verdict made before submission to the jury, and, as no mention of the question is made in the brief, it will not be considered here.

It follows that the judgment of the court below was correct and should be affirmed, and the cause should be remanded, with directions to proceed accordingly; and it is so ordered.

PARKER, C. J., concurs.